The opinion of the Court was delivered by
O’Neall, C. J.
The single question presented by this case is, whether the contract is or is not usurious.
Had it not been for the Chancellor’s decree, and the cases to which he has referred, I should not have entertained a doubt as to the usurious character of the contract.
The contract, in the beginning, allowed a discount of seven hundred dollars, on an advance of one thousand three hundred dollars, which was called a purchase of two thousand dollars of the funds of the corporators, at the premium of thirty-five per cent. This sum of two thousand dollars and interest at six per cent, was to be repaid, in sums of twenty dollars, at the end of each month succeeding the 14th of December, 1854, the date of the bond. These were the provisions of the bond. Before the second Monday of December, 1854, the defendant had made thirty-two monthly payments, amounting to three hundred and twenty dollars. After the execution of the bond, the monthly payments required by its condition were duly made until November, 1856. This constituted a further sum paid of four hundred and sixty dollars. The actual payments on the loan, or advance, amounted to one thousand four hundred and eighty dollars, one hundred and eighty dollars more than the sum loaned, or advanced.
How the contract, which has thus earned more than the principal in a period of little more than four years, can be any thing else than usurious, “ the taking, directly or indirectly, above the value of seven pounds for the forbearance *135 of one hundred pounds for one year,” is difficult to conceive. Indeed it must task and has tasked human ingenuity in every tribunal where the question has been presented, to find the reasons whereby such a contract could be sustained.
The case of Silver vs. Barnes, 37 Eng. C. L. Rep. 335, seems to have been the beginning where the doctrine was sustained that such a contract was not usurious. That case was. put by the Circuit Judge upon the ground that it was a mere advance of partnership funds. How that could have sanctified such a contract, I cannot perceive. Eor it was as much usury to receive more than seven per cent, on such an advance as upon individual funds. The Court of Common Pleas, on an appeal, placed their judgment on the ground whether it was an advance of partnership funds, or an usurious loan, was a question for the jury, and their verdict, that it was an advance of partnership funds, was sustained, as conclusive. I think it was a decision against law, even put in that point of view. Eor it still was contaminated by usury, if it was even a partnership fund. It was the taking more than legal interest for the forbearance of money. That case has been the foundation of all the subsequent cases in England, Connecticut, and Georgia. Here it is to be decided for the first time, and I rejoice that we are not bound by any previous adjudication. The case of the Bibb County Loan Association vs. Richards, 21 Geo. Rep. 592, was placed upon the ground that the charter had adopted the constitution and by-laws of the association as part of the law by which it was regulated, and the charge being according to it, could not be illegal. This was the view of Lumpkin, J., followed by Benning, J., who hold that the association had followed the charter, and therefore they were entitled to recover. McDonald, J., dissented, and took, it seems to me, the true view, that more than legal interest being charged and received for the forbearance of money, the contract was usurious.
*136 In the case before us, the constitution and by-laws were not adopted as part of the charter. By the third section of the charter, the corporation is authorized to make “ any such rules and by-laws for their government as are not repugnant to the constitution and laws of the land.”
The by-laws which authorized the contract before us cannot of themselves sustain its validity. If the contract be contaminated by usury, it must fall, and with it the by-laws, as contrary to the law of the land.
By the second section of the by-laws, it is provided, • “ whenever the funds in the treasury shall warrant it, one or more advances shall be disposed of to.the highest bidder, provided the same be not sold under par, and be secured by real estate fully equal in value .to the sum advanced.” Under this section, two thousand dollars were bid in by the defendant, at a premium of thirty-five per cent., and under the third section, “ any stockholder taking an advance shall allow to be deducted the premium offered by him or her;” the premium, seven hundred dollars, was deducted. Eor what was such a premium deducted ? Beyond all doubt, it was not for the privilege of buying. But it was for its consequence, the use of the money, which was to be repaid by instalments of twenty dollars per month. That, beyond all doubt, was for the forbearance of money, and is necessarily, under our law, usurious. The contract made under the third and fourth sections provides ample security for the payment of the moneyj ih the mortgage of real estate of equal value, and the assignment of stock in the said corporation. There is therefore no risk to increase the premium. By the fifth section, the defendant is bound to pay interest at six per cent, on the amount bid in, and by the seventh section, for the failure to pay his dues to the association for three months, the directors may compel the payment of principal and interest, by instituting proceedings at law, or in equity, on the bond and mortgage. I am therefore clear that the contract in this *137 case is a plain attempt to evade the usury law. By the Act of 1831, which altered the law in relation to interest and usury, and repealed the penalties of the Act of 1777, it is in the second section provided, “ that every person lending or advancing money, or other commodity, upon interest, shall be allowed to recover, in all cases whatsoever, the amounts or value actually lent and advanced; and that the principal sum, amount, or value so lent or advanced without any interest, shall be deemed and taken by the Court to be the true legal debt, or measure of damages, to all intents and purposes whatever, to be recovered without costs.” Under this provision, the corporation will be entitled to recover the sum actually loaned, deducting the payments made. The result will be, that thirteen hundred dollars will be the principal, on which payments to the amount of one thousand four hundred and eighty dollars have been made; so the corporation has been over-paid one hundred and eighty dollars. The consequence is, that the complainant’s bill must be dismissed.
It is, therefore, ordered and decreed, that the Chancellor’s decree be reversed, and that the bill be dismissed with costs.
Johnstone, J., concurred.
"Wardlaw, J., was absent, and gave no opinion.

Decree reversed.